IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATHY MACAJOUX,<br><br>   Plaintiff,<br><br>v.<br><br>HEALTHCARE REVENUE<br>RECOVERY GROUP, LLC,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:22-CV-02588-SDG-JEM |

## MAGISTRATE JUDGE'S SCHEDULING ORDER

Upon review of the information contained in the parties' Joint Preliminary Report and Discovery Plan, (Doc. 7), the undersigned Magistrate Judge **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in that form and the Local Rules of this Court, and this case, having been initiated by complaint on June 29, 2022, will be set for trial after all dispositive motions have been ruled upon.

I. **SETTLEMENT POTENTIAL**

The parties state that there is a possibility of settlement and that they intend to hold additional settlement conferences. No-cost magistrate-judge mediation, including mediation by video or teleconference, is available to the parties upon request. Should the parties agree at any point in the case that

settlement discussions are likely to benefit from such mediation, they may contact chambers for a referral.

## II. DISCOVERY PERIOD

The case is assigned to the four-month discovery track, LR 26.2(A), NDGa, and discovery is therefore set to close on **December 27, 2022**. Any motions requesting extensions of time for discovery must be made prior to expiration of the existing discovery period and must be supported by a specific showing of good cause establishing that discovery could not be completed despite the party's or parties' diligence. *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008); *see also* LR 26.2(B), NDGa.

## III. DISCOVERY GUIDELINES

A. In conducting discovery, counsel should be guided by courtesy, candor and common sense, and conform to the Federal Rules of Civil Procedure, the Local Rules, and applicable orders. In particular, counsel should have in mind the restrictions on the scope of discovery stated in Rule 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes. All parties shall attempt in good faith to resolve all discovery disputes among themselves, informally, well in advance of the close of the discovery period, and without intervention of the Court.

B. Counsel are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court. *See* Fed. R. Civ. P. 26(c) and 37; LR 37.1A., NDGa. The duty to confer is **NOT** satisfied by sending a

written document, such as a letter, e-mail or fax, to the adversary, **UNLESS** repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary.  If counsel are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's courtroom deputy.[1]  If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.  Motions to compel or for a protective order to prevent discovery, or for any related matters pertaining to discovery, should ordinarily not be filed without a prior conference with the Court.

    C.    In the event that memoranda are submitted, they should comply with LR 37.1, NDGa, be brief, focus on the facts of the particular dispute, and avoid discussion of general discovery principles.  The Court cautions against the inclusion of (and will disregard) any generalized recitation of "historical" discovery disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party.

    D.    Non-Dispositive Motions.  Prior to filing any non-dispositive motion, a party must contact the non-moving party (or parties) to determine whether the non-moving party opposes the motion.  The moving party must then report in the motion whether the non-moving party (or parties) opposes the motion and, if so, the grounds the non-moving party states for the opposition.

---

[1] There may be some delay in setting up the telephone conference.  Also, the Court may request that prior to the conference the parties jointly submit a short (two (2) double spaced pages or less) letter providing a non-argumentative overview of the contested issue(s).

No motion will be granted that does not include such a statement of the non-moving party's position or a statement that the moving party has attempted in good faith to obtain the non-moving party's position but has been unable to do so.

E.  Sanctions.  If sanctions are sought, the motion must be accompanied by a declaration and the appropriate documentation to support the amount requested.

F.  Consent Protective/Confidentiality Orders.  The parties should clearly delineate on any proposed protective/confidentiality order that it is filed with CONSENT.  **NOTE**:  The Court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal with the Clerk.  First, although there is no absolute right of public access to civil litigation, especially pretrial matters, since the public supports the civil justice system through its tax dollars, the Court must balance the need for confidentiality with the public's right to know. Second, what the parties may deem confidential sometimes differs from that deemed confidential by the Court, thus implicating the first reason again.  Third, on a practical basis, items filed under seal generally are not filed or stored electronically, and thus occasionally are physically separated from the rest of the case file.  The Court would prefer to screen these materials initially to minimize the separate filing of materials that do not warrant the "confidential" label.

Therefore, to be considered or entered by the Court, any proposed protective/confidentiality order must contain either of the following paragraphs:

*Sample language I*:

Parties wishing any document filed as part of the record under seal must first present a motion and/or consent order regarding said document to the Court. The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an Order from the Court approving specific documents to be filed under seal.

OR

*Sample language II:*

Filing Protected Materials in Court. Protected materials may not be filed in Court, whether separately or with or as part of pleadings or other court papers except under seal. Any party wishing to make such a filing must first present a motion regarding the specific documents sought to be filed under seal to the Court for its approval. [Approval of such a motion will be greatly expedited if it is presented with the consent of all parties.] Upon approval by the Court, the protected materials shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit, the title of the court paper or a brief description of the enclosed materials, the legend "Confidential-Subject to Court Order," and a statement to the following effect:

> This envelope [or other container] contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to, anyone other than authorized Court personnel, except upon order of the Court.

## IV. REQUIREMENTS FOR SUMMARY JUDGMENT MOTIONS

A. Whenever a motion for summary judgment is filed, the movant shall also file a separate "Statement of Undisputed Material Facts." Each fact shall be separately numbered with citations to the record in support of the fact. Each separately numbered fact shall consist of only **one** (1) sentence. In the response, the non-movant shall respond to each numbered fact by number, admitting or denying the fact, and providing citations to the record to support any denial. The Court will "disregard or ignore evidence relied on by the respondent – but not cited in its response to the movant's statement of undisputed facts – that yields facts contrary to those listed in the movant's statement." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008); *see also* LR 56.1B(2), NDGa. If the non-movant submits a statement of disputed facts, the movant shall respond in accordance with LR 56.1B(1)-(3), NDGa.

B. The non-movant shall file a response to the movant's motion within twenty-one (21) days of the service of the motion. LR 7.1(B), NDGa. The response shall include a legal memorandum, affidavits, and other evidence establishing the existence of a genuine issue for trial. In the absence of a timely response, the Court will take the motion under advisement twenty-two (22) days from the date the motion for summary judgment was served. Unless otherwise ordered, the Court will not hold a hearing on the motion. Failure to respond to the motion may result in the entry of judgment for the movant.

C. All facts asserted in briefs must be supported by citations to the corresponding statements of material fact. Briefs that cite directly to the record

evidence rather than to the statements of material fact are **NOT** acceptable. Citations to statements of material fact should immediately follow each allegation of fact and should appear in the text of the brief, *not* in footnotes.

D. Depositions that are referred to by either party in support of, or in opposition to, a motion for summary judgment **SHALL** be electronically filed with the Clerk. The electronically filed deposition **MUST** be an original certified copy.

E. Absent **prior** written permission by the Court, no party may file a brief in support of a motion or a response to a motion exceeding twenty-five (25) double-spaced pages, and no party may file a reply brief exceeding fifteen (15) double-spaced pages. A motion requesting an increase in the page length for a brief must be filed prior to the due date for the brief. The text of a brief, including footnotes, may not be printed in a format producing more than ten (10) characters per inch. LR 7.1D., NDGa.

F. If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due thirty (30) days after the District Court's final ruling on the motion for summary judgment if there are matters left to be tried; in the event the parties have consented to the trial jurisdiction of the undersigned Magistrate Judge, the Consolidated Pretrial Order will be due thirty (30) days after the undersigned enters an order on the motion for summary judgment if there are matters left to be tried.

**IT IS SO ORDERED** this 9th day of August, 2022.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE