IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Case No.:  1:22-cv-02588-SDG-JEM

KATHY MACAAJOUX[1],

    PLAINTIFF,

    V.

HEALTHCARE REVENUE
RECOVERY GROUP D/B/A
ACCOUNT RESOLUTION
SERVICES[2],

    DEFENDANT.
_____/

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

COMES NOW Defendant, Healthcare Revenue Recovery Group d/b/a ARS Account Resolution Services ("ARS") by and through its undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 files its Statement of Undisputed Material Facts showing that there are no genuine issues to be tried, in support of its contemporaneously filed Motion for Summary Judgment.

---

[1] The correct last name of Plaintiff *pro se* is Macajoux.
[2] The correct name of Defendant is Healthcare Revenue Recovery Group d/b/a ARS Account Resolution Services.

1. Plaintiff Kathy Macajoux ("Plaintiff") is a "consumer" for purposes of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et. seq. ("FDCPA") **[ECF 1 at ¶ 3]**.

2. ARS is a "debt collector" as defined by the FDCPA **[ECF 1 at ¶ 6]**.

3. ARS was collecting from Plaintiff multiple debts owed to Inphynet South Broward, LLC ("Inphynet") incurred over several years and totaling more than $7,500.00 ("Collections"). **[ECF 1 at ¶ 10; June 22, 2021 ARS Letter to Plaintiff attached as Exhibit "A"]**[3].

4. The seven Collections listed are:

| Acct # | Date of Service | Amount |
|---|---|---|
| -0978 | 02/18/17 | $1,539.00 |
| -7553 | 04/18/17 | $1,731.00 |
| -7554 | 04/25/17 | $ 147.00 |
| -1771 | 01/14/18 | $1,083.00 |
| -0590 | 11/10/18 | $1,697.00 |
| -4557 | 09/25/16 | $ 710.00 |
| -5970 | 12/31/16 | $1,031.00 |

**[Exh. A]**

5. Plaintiff asserts her May 3, 2022 "Experian and Credit Karma" reports included entries regarding seven (7) of the Collections.[4] **[ECF 1, ¶ 8].**

---

[3] To the extent Plaintiff claims any FDCPA violation related to the June 22, 2021 Letter, ARS contends that such claim would not be actionable as the alleged conduct occurred more than one year before Plaintiff filed this action on June 29, 2022 and is beyond the FDCPA's one-year statute of limitations. 15 U.S.C. §1692k(d).

[4] No copies of Plaintiff's May 3, 2022 reports have been produced.

6. Plaintiff's November 18, 2020 reports from Consumer Reporting Agencies, Equifax, Experian and TransUnion ("CRA") produced by Plaintiff in discovery included the same seven Collections with the "Date Opened" and "Balance" listed for each Collection.[5] **[11.18.20 Equifax, Experian and TransUnion reports, served with Plaintiff's Response to Request for Production, attached as Exhibit "B"]:**

| Date Opened | Balance |
|---|---|
| 11/20/17 | $  710.00 |
| 02/20/18 | $1,031.00 |
| 04/20/18 | $1,539.00 |
| 06/21/18 | $1,731.00 |
| 06/21/18 | $  147.00 |
| 12/20/18 | $1,083.00 |
| 12/23/19 | $1,697.00 |

7. Plaintiff's August 9, 2021 Experian report produced by Plaintiff in discovery included six (6) of the Collections, listing the open date and removal date for each Collection. **[8.9.21 Experian report served with Plaintiff's Response to Request for Production, attached as Exhibit "C"]**:

| Acct # | Amount | Open | Removal |
|---|---|---|---|
| -4557 | $  710.00 | 11/2017 | *"on record until Jun 2023"* |
| -5970 | $1,031.00 | 02/2018 | *"on record until Sep 2023"* |
| -0978 | $1,539.00 | 04/2018 | *"on record until Nov 2023"* |

---

[5] To the extent Plaintiff claims any FDCPA violation related to conduct in or around November 2020, ARS contends such claim would not be actionable as the alleged conduct occurred more than one year before Plaintiff filed this action and is beyond the FDCPA's one-year statute of limitations. 15 U.S.C. §1692k(d).

3

| | | | |
|---|---|---|---|
| -7553 | $1,731.00 | 06/2018 | *"on record until Jan 2024"* |
| -1771 | $1,083.00 | 12/2018 | *"on record until Oct 2024"* |
| -0590 | $1,697.00 | 12/2019 | *"on record until Aug 2025"* |

8. Plaintiff's July 15, 2022 Experian report produced by Plaintiff in discovery included four (4) of the Collections, listing the open date and removal date for each Debt. **[7.15.22 Experian report served with Plaintiff's Response to Request for Production, attached as Exhibit "D"]**:

| Acct # | Amount | Open | Removal |
|---|---|---|---|
| -0978 | $1,539.00 | 04/2018 | *"on record until Nov 2023"* |
| -7553 | $1,731.00 | 06/2018 | *"on record until Jan 2024"* |
| -1771 | $1,083.00 | 12/2018 | *"on record until Oct 2024"* |
| -0590 | $1,697.00 | 12/2019 | *"on record until Aug 2025"* |

9. Plaintiff alleges that ARS "reported service dates" that were "false and different open/defaulted" dates **[ECF 1, ¶ 12]** when it is evident from all three (3) of the November 2020 credit reports, and the August 2021 and July 2022 Experian reports that ARS did not report "service dates" and that none of the reports refer to any "service date" or "date of service". **[Exh. B, Exh. C & Exh. D].**

10. The open date and the removal date for each of Plaintiff's Collections listed on the August 9, 2021 and July 15, 2022 credit reports are the same. **[Exh. C & Exh. D]**.

11. Plaintiff testified that on the rental application denial letter dated March 22, 2022, none of the four (4) reasons given for the denial had anything to do with

ARS. **[ECF 16 Transcript of Plaintiff's Deposition, 11.15.22, excerpt attached as Exhibit "E", pp. 50-53; Sold by Jones Letter, ECF 16-3]**

12. Plaintiff confirmed that she received medical services from Inphynet and testified that she should not have to pay for them. **[ECF 16, Exh. E, p. 56]**

13. Plaintiff admitted that as the original creditor, Inphynet would know the correct amount due for the medical services and would be more accurate about the amount than Experian would. **[ECF 16, Exh. E, p. 63].**

14. Plaintiff admitted that the original creditor has the best knowledge because it knows exactly how much is owed. **[ECF 16, Exh. E, p. 63].**

15. Plaintiff admitted that Inphynet, as the original creditor verified the amounts due in the June 22, 2021 ARS Letter to Plaintiff. **[ECF 16, Exh. E, p. 63]**.

16. Plaintiff admitted that it would not be ARS' fault if the information about her Collections was accurately conveyed to the CRA and an Experian representative gave her the wrong information during a telephone conversation. **[ECF 16, Exh. E, pp. 63-64].**

17. Plaintiff admitted that ARS did not use any obscene language directed toward her and that statement number 6 in her Affidavit of Truth is false. **[ECF 16, Exh. E, pp. 65-67; Affidavit of Truth served with Plaintiff's Response to Request for Production, attached as Exhibit "F"]**.

5

18. Plaintiff admitted that after her August 9, 2021 Notice and Demand to Cease and Desist to ARS, she received no communication by telephone, in writing or otherwise from ARS. **[ECF 16, Exh. E, pp. 67-68; 8.9.21 Notice to ARS served with Plaintiff's Response to Request for Production, attached as Exhibit "G"].**

19. Plaintiff admitted that she is not claiming damages for out-of-pocket expenses. **[ECF 16, Exh. E, p. 69].**

20. Plaintiff admitted that she has not incurred actual damages for any amounts paid or amounts lost. **[ECF 16, Exh. E, pp. 72-73]**.

21. Plaintiff admitted that she did not seek medical attention for emotional distress and is not asserting a claim for emotional distress damages. **[ECF 16, Exh. E, p. 73].**

22. Plaintiff admitted that she is paying $150.00 per month to a Mr. Vance for online credit repair classes. **[ECF 16, Exh. E, pp. 11, 18, 74]**.

23. Plaintiff admitted that a March 2022 Paramount Recovery System collection account on her July 2022 credit report also affected her credit score. **[ECF 16, Exh. E, pp. 52-53; ECF 16-4].**

24. The Date of First Delinquency ("DoFD") a debt is used by the CRAs as the anchor date from which the 7-year credit reporting clock begins to run; once a collection ages 7 years, from the DoFD, the CRAs are required by the Fair Credit

Reporting Act ("FCRA") to remove it from the consumer's credit reports. **[Declaration of John Ulzheimer, attached as Exhibit "H", ¶ 15].**

25.   Re-aging occurs when a debt collector provides a DoFD to the CRAs that is more contemporary/recent than the date an account first went delinquent and progressed into default, without curing or being paid current in the interim.[6] **[Exh. H, ¶16].**

26.   In credit reporting, the Date Opened represents the date a debt was assigned by a creditor/service provider to a debt collector. **[Exh. H, ¶ 20].**

27.   The Date Opened is not the DoFD - the two dates are entirely different fields that do not have the same meaning or representation on a credit report; also, the Date Opened is not used by any CRA as the anchor date from which the 7-year credit reporting clock begins to run. **[Exh. H, ¶¶ 21-22].**

28.   The Date Opened appearing on Plaintiff's credit reports will always be more recent than Plaintiff's dates of service because the medical services received by Plaintiff had not yet gone into default as of the service date and, thus, had not necessitated an assignment to a debt collector. **[Exh. H, ¶ 24].**

---

[6]This definition of re-aging is shared by the Federal Trade Commission, the National Consumer Law Center, Consumers Union and Consumer Financial Protection Bureau, none of which represent the interests of collection agencies over those of consumers. **[Exh. H, ¶ 18]**

29. Plaintiff is confusing the Date Opened - the dates her defaulted debts were transferred by Inphynet to ARS - with her service dates, and labeling that confusion "re-aging." **[Exh. H, ¶ 26].**

30. Plaintiff's assertion that her credit score has been "artificially lowered" is incorrect. **[ECF 1, ¶ 14; Exh. H, ¶ 27].**

31. FICO's credit scoring models do not consider any "service dates" when calculating scores and FICO's scores do not consider DoFD on collection accounts when calculating scores. **[Exh. H, ¶ 28].**

32. Having no experience with credit scoring systems and how they interpret standard aggregation variables from credit reports, Plaintiff cannot know what impact, if any, a particular item would have on her FICO credit scores, making her claims about the impact on her FICO scores of anything on her credit reports speculative. **[Exh H, ¶ 29].**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **January 26, 2023** via the Court Clerk's CM/ECF system and served to Plaintiff by USPS regular mail to Kathy Macajoux at 8363 Blackfoot Trail, Jonesboro, Georgia 30236 and by electronic transmission to Lundykathy63@gmail.com *(Plaintiff pro se)*.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Georgia Bar No: 427760
SKohlmyer@Shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Pkwy, Suite 100
Maitland, Florida 32751
Phone: 407-622-1772; Fax: 407-622-1884
*Attorneys for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*

9